UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE SHOWERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:16-cv-00053 CKD<br><br>ORDER |

Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $13,087.25 for 26.5 hours of professional time devoted to the representation of plaintiff before this court. Counsel concedes that this amount should be offset in the amount of $5,106.61 for fees previously awarded under EAJA. (ECF No. 27.) Defendant has filed a statement of non-opposition to this request.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of

| | |
|---|---|
| 1 | the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), |
| 2 | receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). |
| 3 | However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also |
| 4 | must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 |
| 5 | (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory |
| 6 | ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those |
| 7 | agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must |
| 8 | show that the fee sought is reasonable for the services rendered."  Id. at 807. |
| 9 | Counsel seeks fees for 26.5 hours.  The Court has considered the character of counsel's |
| 10 | representation and the good results achieved by counsel, which included an award entitling |
| 11 | plaintiff to receive over $72,000.00 in benefits.  (ECF No. 32-1; see ECF No. 35 at 2-3.)  Counsel |
| 12 | submitted a detailed billing statement that supports his request.  (ECF No. 32 at 4-5.)  There is no |
| 13 | indication that a reduction of the award is warranted due to any substandard performance by |
| 14 | plaintiff's counsel, as counsel secured a successful result.  There is also no evidence that |
| 15 | plaintiff's counsel engaged in any dilatory conduct resulting in delay. |
| 16 | Based on the quality of counsel's representation and the results achieved in this case, the |
| 17 | undersigned finds the number of hours expended to be reasonable.  Accordingly, the undersigned |
| 18 | will award the amount of attorney fees requested. |
| 19 | Accordingly, IT IS HEREBY ORDERED that: |
| 20 | 1. Plaintiff's amended motion for attorney fees (ECF No. 32) is granted; and |
| 21 | 2. Plaintiff's counsel is awarded $13,087.25 in attorney fees pursuant to 28 U.S.C. § 406, |
| 22 | to be offset in the amount of $5,106.61 previously awarded under EAJA.  Plaintiff's |
| 23 | counsel shall reimburse DeAndre Showers in the amount of $5,106.61. |
| 24 | Dated:  August 22, 2019 |
| 25 | *(signature)* |
| | CAROLYN K. DELANEY |
| 26 | UNITED STATES MAGISTRATE JUDGE |
| 27 | 2/showers0053.fee-406(a) |
| 28 | |